NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL J. FREEMAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2019-1509

---

Petition for review of the Merit Systems Protection MSPB in No. AT-0752-16-0688-I-2.

---

Decided: June 12, 2019

---

PAUL J. FREEMAN, Niceville, FL, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Paul J. Freeman appeals from the Merit Systems Protection Board's ("MSPB's" or "Board's") decision affirming his removal from his position by the Air Force Munitions Aerodynamics Sciences Branch for (1) unauthorized disclosure of classified information and (2) being absent without leave ("AWOL"). We *affirm*.

BACKGROUND

Freeman was hired as an Air Force civilian in 2003, and at the time of his removal in 2016 he was a Senior General Engineer at the Air Force Research Laboratory. From February 7, 2007 to February 7, 2012, he had access to a Special Access Program ("SAP"), which contained classified information subject to "safeguarding and access requirements that exceed those normally required for information at the same classification level." Exec. Order No. 13,526, § 6.1(oo) (2009). He was given training in how to protect the classified information accessed in the SAP, and he signed an SAP Indoctrination Agreement attesting to such training.

In 2016, Freeman was removed from his position based on charges of (1) violating security regulations that resulted in the unauthorized release and/or compromise of classified information from the SAP and (2) being AWOL. With respect to the first charge, Freeman was found to have at least negligently sent two emails with classified information from his personal computer using a commercial, unclassified network provider to unauthorized recipients, including several news outlets, government agencies, public officials and military commanders who were not cleared to receive such information. With respect to the second charge, Freeman was found to have been AWOL after refusing to report to his worksite following a 10-day suspension. Freeman's 10-day suspension was based on a heated exchange with two other employees during which Freeman admittedly became "loud and frustrated." Appx 29.

Freeman appealed his removal to the MSPB, arguing harmful procedural error and failure to establish the charges. An administrative judge ("AJ") found that there was no harmful procedural error, that the facts supported the charges, and that the penalty of removal was appropriate. Freeman did not seek review by the full MSPB, and the AJ's decision became the final decision of the MSPB.

Freeman petitions for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of this court's review of an MSPB decision is limited. We only set aside the MSPB's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

As to the first charge, Freeman argues on review that the MSPB erred by failing to recognize that his disclosure was entitled to protection under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. §§ 1201–1222, *amended by* Whistleblower Protection Enhancement Act of 2012, 126 Stat. 1465. Freeman's argument is not supported by law. Whistleblower protection is not available when the information is "specifically required by Executive order to be kept secret in the interest of national defense," 5 U.S.C. § 2302(b)(8)(A), unless the information is disclosed only to designated recipients (e.g., the Special Counsel or Inspector General of an agency), 5 C.F.R. § 1209.4(b). It is uncontested that Freeman sent the two emails, containing information labeled as classified pursuant to Executive Order 13,526, to unauthorized recipients. Therefore, Freeman has not shown that he is entitled to whistleblower protection. *See* 5 U.S.C. § 1221(e); *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1364 (Fed. Cir. 2012).

Freeman also argues that the MSPB erred by failing to consider his arguments that the classification of the information in his emails was improper because the Air Force did not comply with the proper procedures under Executive Order 13,526. We agree with the MSPB that the Board is not a proper forum for resolving such a dispute since the Board does not have authority to assess the propriety of national security determinations. *Croft v. Dep't of Air Force*, 40 M.S.P.R. 320, 324 (M.S.P.B. 1989); *see also Dept' of Navy v. Egan*, 484 U.S. 518, 526–30 (1988). We therefore *affirm* the MSPB's decision as to the first charge.

As to the second charge (AWOL), Freeman does not explain in his brief why the MSPB's decision is erroneous. In his memorandum in lieu of oral argument, Freeman contends that the MSPB ignored his arguments, but that is inconsistent with the MSPB's thorough factual analysis. Freeman argued below that he did not return to his worksite after his suspension was over because he feared for his safety, but the MSPB rejected that argument based on contrary testimony from other witnesses. Its decision in this respect is supported by substantial evidence. Accordingly, we also *affirm* as to the second charge.

We have considered Freeman's additional arguments and find them to be unpersuasive.

**AFFIRMED**

COSTS

No costs.